

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-21-00106-CR

_____


MARIO RAMIREZ, Appellant

V.

THE STATE OF TEXAS, Appellee


On Appeal from the 276th District Court
Titus County, Texas
Trial Court No. CR20558


Before Morriss, C.J., Stevens and van Cleef, JJ.
Memorandum Opinion by Justice Stevens

Mario Ramirez pled guilty to aggravated kidnapping, a first-degree felony. *See* TEX. PENAL CODE ANN. § 20.04. After a jury trial on punishment, Ramirez was sentenced to twenty years' imprisonment and was ordered to pay a $10,000.00 fine and $312.00 in court costs. Ramirez appeals.[1]

Ramirez's attorney has filed a brief which states that he has reviewed the record and has found no genuinely arguable issues that could be raised on appeal. The brief sets out the procedural history of the case and summarizes the evidence elicited during the course of the trial court proceedings. Meeting the requirements of *Anders v. California*, counsel has provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

On January 18, 2022, counsel mailed to Ramirez copies of the brief and the motion to withdraw and informed Ramirez of his rights to review the appellate record and file a pro se response. On February 9, this Court granted Ramirez's motion for pro se access to the appellate record and ensured Ramirez's receipt of the record. On April 1, we granted Ramirez's motion for extension of time to file his pro se response and informed him that any pro se response was

---

[1]In companion cause numbers 06-21-00105-CR and 06-21-00107-CR, Ramirez appeals his convictions for theft of a firearm and aggravated robbery.

due on or before May 2.  On May 16, this Court further informed Ramirez that the case would be set for submission on the briefs on June 6.  We did not receive a pro se response from Ramirez.

We have reviewed the entire appellate record and have independently determined that no reversible error exists.  *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).  However, non-reversible error is found in the inclusion of a $15.00 time payment fee in the bill of costs, which was incorporated in the trial court's judgment.

The Texas Court of Criminal Appeals has recently concluded that a time payment fee like the one imposed here "must indeed be struck for being prematurely assessed because a defendant's appeal suspends the duty to pay court costs and therefore suspends the running of the clock for the purposes of the time payment fee."  *Dulin v. State*, 620 S.W.3d 129, 129 (Tex. Crim. App. 2021).  "As a consequence, even now, assessment of the time payment fee in this case would be premature because appellate proceedings are still pending."  *Id.*

This Court has the authority to modify incorrect judgments when it has the information necessary to do so.  *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Rhoten v. State*, 299 S.W.3d 349, 356 (Tex. App.—Texarkana 2009, no pet.).  Pursuant to *Dulin*, we strike the time payment fee "in [its] entirety, without prejudice to [it] being assessed later if, more than 30 days after the issuance of the appellate mandate, the defendant has failed to completely pay any fine, [or] court costs" owed.  *Dulin*, 620 S.W.3d at 133.

We modify the bill of costs and judgment by deleting the time payment fee and to reflect that the amount of court costs owed is $297.00. As modified, we affirm the trial court's judgment.[2]

Scott E. Stevens
Justice

Date Submitted:     June 6, 2022
Date Decided:       June 7, 2022

Do Not Publish

---

[2]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P.68.4.